E. I. Du Pont De Nemours Powder Company, Appellant, *v.* Benjamin Schwenger, Respondent.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Motions and orders — denying previous motion — attorneys — examination before trial — appeal.

Appeal — when considered — order granting motion to dismiss — stay.

An order entered March 24, 1916, denying a previous motion by defendant to dismiss the action for failure to prosecute, on condition that plaintiff within five days after service of a copy of said order pay the costs of the motion and deliver to defendant's attorney a written consent to restore the case to

the calendar for trial on April 3, 1916, or to any other date agreeable to defendant, was served March 27, 1916, and on the same day plaintiff's attorney fully complied with the terms of the order. On March 25, 1916, plaintiff had obtained an order granting a stay pending an examination before trial and defendant considering that such course was a violation of the conditions of the order of March 24, 1916, moved to dismiss the action because of plaintiff's alleged failure to comply with said order. On appeal from an order entered April 25, 1916, granting defendant's motion to dismiss, held, that the obtaining of the stay was not a violation of the order of March 24, 1916, and even if it were it was waived by defendant whose attorney received and kept the motion costs and stipulation the day after he was served with the order granting the stay.

The appeal from the order included an appeal from the judgment entered thereon, but the appeal from the order alone considered.

Appeal by plaintiff from order of the City Court of the city of New York dismissing the complaint.

William Wallace Young (James A. Hughes, of counsel), for appellant.

Solomon J. Rosenblum, for respondent.

Finch, J. Appeal by plaintiff from an order entered April 25, 1916, granting defendant's motion to dismiss the action because of plaintiff's alleged failure to comply with an order entered March 24, 1916. The order entered March 24, 1916, denied on certain conditions plaintiff's previous motion to dismiss the action for failure to prosecute. The main question now presented is whether plaintiff complied with those conditions.

The conditions were that plaintiff within five days after service of a copy of the order entered April twenty-fifth pay ten dollars costs and deliver to defendant's attorney a written consent to restore the

case to the day calendar for trial for April 3, 1916, or for any other date agreeable to defendant.  The order entered March twenty-fourth was served on plaintiff's attorney on March twenty-seventh, and on the same day the latter sent to defendant's attorney the ten dollars costs and the consent to restore, which was a complete compliance with the order.  But on March twenty-fifth plaintiff had obtained an order granting a stay of trial pending an examination before trial.  Defendant considered that this stay violated the conditions of the order entered March twenty-fourth, and accordingly made the present motion, which was granted, to dismiss for failure to comply with the order entered March twenty-fourth.

The obtaining of the stay was not a violation of the conditions imposed by the order entered March twenty-fourth, and even if it were this was waived by defendant whose attorney received the ten dollars costs and stipulation on March twenty-eighth after he was served on March twenty-seventh with the order granting the stay.  *Whitman* v. *Morris,* 152 App. Div. 97.  He kept the ten dollars and failed to tender it back until the day before the making of this motion on April twentieth.  The stipulation was retained and never returned.

The appeal from the order included an appeal from the judgment entered upon the order.  The appeal from the order should alone be considered by this court.  *James* v. *Shea,* 28 Hun, 74.

For the foregoing reasons the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Lehman and Whitaker, JJ., concur.

Order reversed, with costs and disbursements.